IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MATTIE AMOS *et al.*, | § |
| | § |
| Plaintiffs, | § |
| | § |
| VS. | § CIVIL ACTION NO. H-14-1180 |
| | § |
| CADLEROCK JOINT VENTURE II LLP., | § |
| *et al.*, | § |
| | § |
| Defendants. | § |

**MEMORANDUM AND OPINION**

The plaintiffs, Mattie Amos, Russell Amos, and Madilyn Powell, sued numerous defendants for "theft by fraud and conspiracy to defraud." The court previously granted the defendants' motions to dismiss, without prejudice. (Docket Entry Nos. 4, 9, 28). The plaintiffs filed an amended pleading on October 27, 2014, and the defendants again moved to dismiss.[1] (Docket Entry Nos. 32, 34, 36). The plaintiffs have responded. (Docket Entry No. 39).

Based on the pleadings, the motions and response, and the applicable law, the court grants the motions to dismiss for lack of subject-matter jurisdiction. An order of dismissal is separately entered. The reasons are explained below.

**I.    The Motion to Dismiss for Lack of Subject-Matter Jurisdiction**

Federal courts are courts of limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). There are generally two possible sources of federal jurisdiction for a district

---

[1] The court previously denied Mattie Amos's motion to dismiss Russell Amos from this suit because Russell Amos had not joined in the motion to dismiss him. (Docket Entry No. 22). The amended complaint is signed only by Mattie Amos, but also lists Madilyn Powell and Russell Amos, who are both *pro se*, as plaintiffs.

court: (1) federal-question jurisdiction, for cases arising under the Constitution or federal law, and (2) diversity of citizenship. 28 U.S.C. §§ 1331–1332. The burden to establish federal jurisdiction is on the party invoking jurisdiction. *Howery*, 243 F.3d at 916.

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject-matter jurisdiction. "Under Rule 12(b)(1), a claim is properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) (quotation omitted). There are two types of 12(b)(1) challenges to subject-matter jurisdiction: facial attacks and factual attacks. *See, e.g.*, *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012); *Russell v. City of Houston*, 808 F.Supp.2d 969, 972 (S.D. Tex. 2011) (citing Paterson v. Weinberger, 644 F.2d 521, 523 (5th Cir. 1981)). "A facial attack, which consists of a Rule 12(b)(1) motion unaccompanied by supporting evidence, challenges the court's jurisdiction based solely on the pleadings." *Russell*, 808 F. Supp. 2d at 972 (citing *Paterson*, 644 F.2d at 523). The pleading's allegations are presumed to be true, and "[i]f those allegations sufficiently allege a claim for recovery the complaint stands and the federal court must entertain the suit." *Jones v. SuperMedia Inc.*, 281 F.R.D. 282, 286 (N.D. Tex.2012) (citing *Paterson*, 644 F.2d at 523).

The plaintiffs invoke the court's diversity jurisdiction. Federal courts have original jurisdiction over any civil action "where the matter in controversy exceeds . . . $75,000 . . . and is between citizens of different States." 28 U.S.C. § 1332(a)(1). A federal court may not exercise jurisdiction over a case unless "[e]very plaintiff [is] diverse from every defendant." *Politis v. Gavriil*, Civ. A. No. H-08-2988, 2008 WL 4966914, at *6 (S.D. Tex. Nov. 19, 2008).

In their original complaint, the plaintiffs alleged that Madilyn Powell was a Texas citizen, Russell Amos was a Louisiana citizen, and Mattie Amos had "dual residency" in Texas and Louisiana. (Docket Entry No. 1 at 2). The plaintiffs also alleged that defendant Mark Landry was a Louisiana resident. The plaintiffs have not made any jurisdictional allegations in their amended pleadings. Landry has both alleged and presented an affidavit in support of his Louisiana citizenship. (Docket Entry No. 28). Because Russell Amos and Mark Landry are both citizens of Louisiana, complete diversity of citizenship between the parties is lacking. The court does not have subject-matter jurisdiction over this dispute.

## II.     The Motion to Dismiss for Failure to State a Claim

### A.     The Legal Standards

When, as here, a complaint alleges fraud, "[a]t a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud." *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997) (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997)). The plaintiff must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams*, 112 F.3d at 177. "Allegations about conditions of the mind, such as defendant's knowledge of the truth and intent to deceive, however, may be pleaded generally." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992).

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.

R. CIV. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

To withstand a Rule 12(b)(6) motion, a "complaint must allege 'more than labels and conclusions,'" and "'a formulaic recitation of the elements of a cause of action will not do.'" *Norris v. Hearst Trust*, 500 F.3d 454, 464 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief — including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (footnote omitted) (quoting *Twombly*, 550 U.S. at 555). "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Id.* (quoting *Twombly*, 550 U.S. at 558).

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff a chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice, unless it is clear that to do so would be futile.  *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.").  However, a plaintiff should be denied leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face."  6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) ("'[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.'" (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999))).

**B.     Analysis**

The plaintiffs allege that the defendants conspired with each other and with certain third parties to commit fraud and steal the plaintiffs' property.  They claim that defendants Mark Landry, Hibernia Bank, and Cadlerock Joint Venture II LP purchased a judgment against Russell and Mattie Amos in 1999 or 2000, that the defendants took action to enforce that judgment, including placing liens on Madilyn Powell's and Mattie Amos's property and bank accounts, and that certain defendants failed to intervene in bankruptcy proceedings filed by Mattie and Russell Amos in 2006.

To sustain a claim of conspiracy to commit fraud, the plaintiffs must plead the elements of a conspiracy with particularity.  These elements include: "(1) two or more persons; (3) an object to

5

be accomplished; (3) a meeting of the mind on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as a proximate result." *Tri v. J.T.T.*, 162 S.W.3d 552, 556 (Tex. 2005). There must be an underlying allegation of at least one fraudulent act. *Allstate Ins. Co. v. Receivable Fin. Co.*, 501 F.3d 398, 414 (5th Cir. 2007).

Even if this court had subject-matter jurisdiction over the dispute, dismissal would be appropriate because the plaintiffs' amended complaint does not meet pleading standards. Although a *pro se* plaintiff's claims must be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), a *pro se* pleading must assert a claim on which relief can be granted, not merely conclusory allegations. The plaintiffs' amended complaint does not allege conspiracy to commit fraud with particularity, as it does not assert that the act of placing a lien on bank accounts or properties was wrongful or that any of the defendants' failures to take certain actions in the 2006 bankruptcy proceedings was fraudulent. *See First Nat'l Bank of Commerce v. Boutall*, 422 So. 2d 1159 (La. 1982) (only wrongful seizures are actionable).

## III. Conclusion

This action is dismissed for lack of subject-matter jurisdiction. To the extent that the court dismisses based on failure to state a claim, dismissal is with prejudice because the plaintiffs have previously amended without curing the deficiency. An order of dismissal is separately entered.

SIGNED on February 3, 2015, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge